# Siegel v. Diehl Pump & Supply Co.

December 5, 1950.

Burrel H. Farnsley, Judge.

William C. Edrington for appellant.

Doolan, Helm, Stites & Wood, and S. Lloyd Cardwell for appellee.

VAN SANT, COMMISSIONER—Affirming.

Appellant was severely injured November 17, 1944 when a jack weighing approximately 150 pounds fell on his foot while he was engaged in his regular employment by appellee. He filed claim for compensation with the Workmen's Compensation Board. By agreement of the parties, he was awarded temporary total disability until February 5, 1945, when he returned to work. He left appellee's employ July 25, 1945. On May 20, 1947, he filed motion, which was sustained, to reopen his case

on the ground that he had suffered a change of condition for worse since the previous settlement. The Board heard proof, adjudged appellant had suffered a change of condition, and made an award for permanent disability of 25 per centum to the body as a whole. On appeal to the Circuit Court, the award was affirmed, from which judgment this appeal has been prosecuted. Four grounds are urged for reversal; viz., (1) the Workmen's Compensation Board made no finding of fact; (2) if it did, the award on which it is based is so inconsistent as to be irreconcilable with the finding of fact, as a consequence of which the question becomes one of law for the court to determine; (3) if incorrect in both contentions 1 and 2, there is an entire absence of evidence of competent, probative, and convincing value to uphold the award of only 25 per centum disability; and (4) appellant is totally and permanently disabled and the award should have been made in accord with such a finding.

Contentions 2, 3, and 4 are but one and will be so treated. Whilst the finding of fact may not have been in accord with the usual practice in respect to form, it nevertheless is a finding of fact, and, in substance, is that appellant has an abnormal condition in his right foot due to injuries received on November 18, 1944; such condition at the time of the finding was worse than at the time appellant made settlement with appellee; and the plaintiff, at the time of the finding, was suffering with a permanent partial disability of 25 per centum to the body as a whole. The referee's opinion recites that since the testimony of the other doctors was in such irreconcilable conflict, his finding was made from the testimony of Doctor I. T. Fugate, whose technical findings show that appellant has a union between the internal cuneiform and the first metatarsal of the right foot and he is suffering from ankylosis of the first metatarsal joint. All of the bones of the right foot show a marked rarefactive change, probably due to lack of normal use. He found no indication of a new injury. We do not consider the award for permanent partial disability to the body as a whole to the extent of 25 per centum to be irreconcilable with the condition described by Doctor Fugate and found to exist by the referee and the full Board.

Only three doctors testified in the case but all of them are men of high repute in their profession. They are Doctor George F. Dwyer, Doctor E. L. Henderson, and, as we have said, Doctor Fugate. Doctor Dwyer testified that the arch in the foot was very well preserved but there was extensive callous in the bones of the foot and a good deal of arthritis in the joints. He stated that the absorption of the callous amounted to about 50 per cent which disabled appellant 50 per cent and that, if his work required climbing a ladder, he was disabled 100 per centum ''because he might fall off of the ladder after he gets up there.'' He stated that the arthritis which was of traumatic origin would get worse and the absorption of the callous would not get better and no treatment would improve the condition. Doctor Henderson testified that there was no change for worse in appellant's condition since he examined him in 1945, and that, if he had any disabling condition, it was flat feet not attributable to the injury because the condition was the same in both feet. It is manifest from the medical testimony that there was sufficient evidence for the Board to determine (1) that the condition was no worse than when the settlement was made, or (2) that it was worse by as much as 50 per centum disability to the body as a whole, or (3) any intermediate degree within the limits of (1) and (2). Under these circumstances we would not be justified in reversing the lower court.

The judgment is affirmed.